United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| ISAIAH CHASE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:16-CV-301 JVB |
| ) | (arising out of 2:10-CR-110) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

**OPINION AND ORDER**

Isaiah Chase filed a pro se motion under 28 U.S.C. § 2255 to have his conviction under 18 U.S.C. § 924(c)(1)(A) vacated (DE 219). The questions before the Court are whether it must hold an evidentiary hearing on his motion, and, if no evidentiary hearing is required, whether Chase is entitled to any relief under § 2255.

**A.   Background**

Chase, along with three co-defendants, was charged by indictment with: conspiracy to possess with intent to distribute cocaine under 21 U.S.C. § 846 (Count 1); attempt to possess with intent to distribute cocaine under 21 U.S.C. §§ 841 and 846 (Count 2); conspiracy to interfere with commerce by threat or violence under 18 U.S.C. § 1951(a) (Hobbs Act robbery) (Count 3); attempt to interfere with commerce by threat or violence under 18 U.S.C. § 1951(a) and aiding and abetting under 18 U.S.C. § 2 (Count 4); Conspiracy to use a firearm in furtherance of a crime of violence and a drug trafficking crime under 18 U.S.C. § 924(o) (Count 5); and possessing firearms in furtherance of a crime of violence and a drug trafficking crime

under 18 U.S.C. § 924(c)(1)(A) and aiding and abetting under 18 U.S.C. § 2 (Count 6). Chase entered into a plea agreement in which he agreed to plead guilty to Count 6 in exchange for the Government's agreement to dismiss the other counts against him and to make a binding recommendation for a sentence of 84 months.

At his change of plea hearing on September 13, 2011, the Court advised Chase that, although he was not pleading guilty to Counts 1, 2, 3, or 4, the Government would have to prove that he was guilty of at least one of those counts in order to prove him guilty of Count 6. Chase testified that on June 30, 2010, he was approached by one of his co-defendants, who asked if he had a drivers license, and invited him to a hotel room where there might be a party. Chase went to the hotel room and heard discussions among the three co-defendants, from which he learned that they intended to commit an armed drug robbery on July 1. Chase's part in the plot was to drive a vehicle to a prearranged location because only he among them had a drivers license. He was told that there would be firearms in the trunk of the vehicle he was to drive. He got into the vehicle and drove the co-defendants to the location, knowing that the co-defendants intended to commit a robbery of illegal narcotics and that there were firearms in the trunk.

The Court found Chase guilty of Count 6. He was sentenced on November 29, 2011. The Court's judgment was entered on December 2, 2011. Chase did not appeal.

Chase asserts that on the basis of the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), he is entitled to have his conviction under Count 6 vacated because pursuant to the logic of that decision, conspiracy to commit Hobbs Act robbery is not a crime of violence.

**B.    Discussion**

A movant under § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because Chase has not raised any factual claims which would require an evidentiary hearing for resolution, no hearing is required. *See Perrone v. United States*, 889 F. 3d 898, 909–10 (7th Cir. 2018).

Under §2255(f)(3) Chase's motion must have been filed within one year of the date on which the right he asserts was first recognized by the Supreme Court and "made retroactively applicable to cases on collateral review." The *Johnson* case on which he relies was handed down on June 26, 2015. In *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016) the Supreme Court recognized that *Johnson* has retroactive effect in cases on collateral review. Chase filed his motion on June 27, 2016, but, if his motion turns on a right first recognized in *Johnson*, his motion is timely because June 26, 2016, fell on a Sunday.

The crime to which Chase pleaded guilty, 18 U.S.C. § 924(c)(1)(A)(i), provides: "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . possesses a firearm" must be sentenced to a term of imprisonment of not less than five years. Under § 924(c)(2) a drug trafficking crime includes any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et. seq. Section 924(c)(3) defines a crime of violence as any felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The first part of this definition is know as the elements clause, while the second part is referred

3

to as the residual clause.

> The statute referred to as Hobbs Act robbery, 18 U.S.C. § 1951(a), provides:
>
> Whoever in any way or degree obstructs, delays, or affects commerce, by robbery or extortion or attempts or conspires so to do or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

The Hobbs Act defines robbery as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

Chase's motion is devoted to the argument that because the residual clause of 18 U.S.C. § 924(c)(3) is similar to the residual clause found in Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)(ii)) that the *Johnson* court found to be unconstitutionally vague, Hobbs Act robbery is not a valid predicate offense for his conviction under § 924(c)(1)((A)(i). However, *Johnson* has no application here because Chase's conviction did not rest on the residual clause, but rather the elements clause, § 924(c)(3)(A). In *United States v. Anglin*, 846 F.3d 954,965 (7th Cir. 2017) (vacated on other grounds), the court held that Hobbs Act robbery fits within the elements clause of § 924(c)(3)(A) and is, therefore, a valid predicate for a § 924(c)(1)(A) conviction. Moreover, in *Hill v. United States*, 877F.3d 717, 719 (7th Cir. 2017) the court held that when a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense is also a violent felony. There is no doubt that, at his change of plea hearing, Chase admitted to facts that establish his guilt of conspiracy and attempt to commit Hobbs Act robbery.

Furthermore, Chase also admitted to facts that establish he is guilty of conspiracy to

4

possess illegal drugs, most certainly a drug trafficking crime within the meaning of 18 U.S.C. § 924(c)(2), an issue he never addressed in his motion. Therefore, even if the Court is wrong in its resolution of the Hobbs Act issue, his participation in the drug conspiracy serves as a predicate for his § 924(c)(1)(A) conviction. Accordingly, his § 2255 motion must be denied.

**C.    Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner on a § 2255 motion. A petitioner is entitled to a certificate of appealability only if he can present "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must demonstrate that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. *See United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012). Chase has not demonstrated that reasonable jurists would debate or agree that the Court should have resolved his claim differently. Therefore, the Court declines to certify any issue for appeal.

**D.    Conclusion**

For the foregoing reasons, the Court **DENIES** Isaiah Chase's motion to vacate his conviction (DE 219) and declines to certify any issue for appeal.

SO ORDERED on April 12, 2019.

                                                s/ Joseph S. Van Bokkelen
                                                Joseph S. Van Bokkelen
                                                United States District Judge